KENNEDY v. FULTON & FLATBUSH STORAGE & WAREHOUSE CO.

(Supreme Court, Appellate Term, Second Department. March, 1912.)

1. CARRIERS (§ 94*)—LOSS OF GOODS—PRIMA FACIE CASE.
 Plaintiff, suing defendant, engaged in the moving business, for nondelivery of the contents of trunks received for carriage, must make a prima facie case of nondelivery, before defendant need offer any testimony by way of explanation.
 [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 367–395, 456; Dec. Dig. § 94.*]

2. CARRIERS (§ 94*)—LOSS OF GOODS—PRIMA FACIE CASE.
 Where plaintiff, suing defendant, engaged in the moving business, for the nondelivery of the contents of trunks received for carriage, did not see the trunks until about 12 hours after their delivery to her maid, and the maid's movements after the receipt of the trunks were not explain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed, and she did not testify, a finding that the loss occurred after the delivery of the trunks at plaintiff's home was warranted.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 367–395, 456; Dec. Dig. § 94.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Helen Kennedy against the Fulton & Flatbush Storage & Warehouse Company. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued March term, 1912, before GARRETSON, STAPLETON, and KAPPER, JJ.

Stuart G. Gibboney, of New York City, for appellant.
Meier Steinbrink, of Brooklyn, for respondent.

PER CURIAM. [1, 2] While there may be force in the plaintiff's contention that the defendant, if it had called its third employé on the moving van, could have more fully explained the claim of nondelivery, we think the plaintiff's own case on the question of nondelivery inherently weak, because of her failure to produce as a witness her maid, who received the trunks on their delivery, and who, if called, ought to have been able to testify to their condition, and whether or not the locks were tampered with and the contents abstracted. The appellant did not see the trunks at all upon delivery, nor until the morning following, some 12 hours thereafter, and with no explanation of her maid's movements in the interim, it was rightly within the province of the learned trial judge to find as a matter of fact that the plaintiff failed to make out a prima facie case of nondelivery, which is absolutely essential before the defendant need offer any rebutting testimony by way of explanation. As the case stood, the court was warranted in assuming that the loss may have occurred after the delivery of the trunks at the plaintiff's home. The judgment should be affirmed, with costs.